UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN OTERO,<br>*Petitioner*, | )<br>)<br>)<br>) | Case No. 3:20-CV-01665 (KAD) |
| v. | )<br>) | |
| UNITED STATES OF AMERICA,<br>*Respondent*. | )<br>) | NOVEMBER 18, 2021 |

**MEMORANDUM OF DECISION**
**RE: PETITIONER'S MOTION TO VACATE, SET ASIDE**
**OR CORRECT SENTENCE**

Kari A. Dooley, United States District Judge:

On December 10, 2019, Jonathan Otero (the "Petitioner" or "Otero") waived indictment and pleaded guilty to a Substitute Information charging him with one count of Violent Crime in Aid of Racketeering ("VCAR") – assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(3), and one count of brandishing a firearm in furtherance of a crime of violence, specifically the assault charged in count one, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced him to a total term of imprisonment of 154 months. Petitioner now challenges his conviction and sentence pursuant to 28 U.S.C. § 2255 on the grounds that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. (ECF No. 1.) The Government opposes Otero's petition. (ECF No. 13.) For the following reasons, the Petitioner's motion to vacate, set aside or correct sentence is DENIED.

**Background and Procedural History**

On October 2, 2018, Petitioner was charged in a four-count indictment with kidnapping, and conspiracy to commit kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 1201(c),

1

respectively, and brandishing a firearm in furtherance of a crime of violence and conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii) and 924(o), respectively. (*See United States v. Pitt et al*, Case No. 3:18-cr-00232-KAD, ECF No. 1 (D. Conn. Oct. 2, 2018)). Attorney Vito Castignoli was appointed to represent Petitioner at his arraignment. (*See id.* ECF No. 28.) The Court issued an initial Scheduling Order setting jury selection for December 11, 2018. (*Id.* ECF No. 47.) On November 2, 2018, Petitioner, through counsel, moved for a continuance of his trial date (*id.* ECF No. 50), which the Court granted on November 13, 2018. (*Id.* ECF No. 59.) The Court continued jury selection to March 5, 2019 and excluded the time until that date for Speedy Trial Act purposes pursuant to 18 U.S.C. § 3161(h)(7)(A). (*Id.*) The Court subsequently continued jury selection to October 1, 2019 upon the motion of Petitioner's co-defendant, Pedro Carillo, and with Petitioner's consent as well as the consent of two of his other three co-defendants. (*See id.* ECF No. 67.)

On February 28, 2019, Petitioner moved to sever his case from that of his co-defendants (*id.* ECF No. 69), which the Court denied without prejudice. (*Id.* ECF No. 73.) On May 3, 2019, Petitioner moved to disqualify his appointed counsel on the grounds that counsel had not secured Petitioner's right to a speedy trial, among other reasons, and sought instead to represent himself. (*Id.* ECF No. 81.) Following a hearing on the Petitioner's motion, Otero filed a motion to proceed *pro se* in which he again asserted that his speedy trial rights had been violated. (*Id.* ECF No. 86.) The Court convened a second hearing on May 30, 2019 at which it granted both the Petitioner's motion to disqualify counsel and his motion to proceed *pro se*. (*Id.* ECF No. 88.)  Attorney Trent Alan LaLima was appointed standby counsel for Petitioner.

Petitioner then filed a series of motions (ECF Nos. 91–94), which the Court resolved or took under advisement following a hearing on July 17, 2019.  (*Id.* ECF No. 108.) The Government,

meanwhile, moved for a *Frye* hearing after Petitioner declined to meet with counsel for the Government to discuss the Government's proposed plea agreement. (*See id.* ECF No. 99.) Around the same time the Government moved to dismiss Counts Three and Four of the Indictment following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2219 (2019). (*Id.* ECF No. 101.) Following a *Frye* hearing conducted by Magistrate Judge Garfinkel on July 12, 2019 (*id.* ECF No. 106), Petitioner filed a motion to dismiss the Indictment on August 1, 2019 on the grounds that he had not consented to the waiver of his speedy trial rights when the Court previously continued his trial dates. (*See id.* ECF No. 123.) However, on August 13, 2019 Petitioner filed a motion to accept the Government's plea offer dated June 10, 2019. (*Id.* ECF No. 136.) Petitioner then moved to withdraw his motion to dismiss, both individually and through his standby counsel. (*Id.* ECF Nos. 147, 150.)

On September 13, 2019, Petitioner waived indictment and pleaded guilty to a Substitute Information charging him with one count of VCAR assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(3), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.* ECF Nos. 156–58.) Otero entered into a plea agreement with the Government which contained an appeal/collateral attack waiver which stated in relevant part:

> By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

(Plea Agreement at 7, ECF No. 159.) The plea agreement further provided that:

3

> the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed **162** months of imprisonment, a five-year term of supervised release, a $200 special assessment, and a $150,000 fine even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case.

(*Id.*) This waiver, however, did not preclude Petitioner "from raising a claim of ineffective assistance of counsel in an appropriate forum." (*Id.*) After Petitioner entered – and the Court accepted – his guilty pleas but before the hearing was adjourned, the Court granted Petitioner's oral motion to appoint Attorney LaLima as his counsel for all purposes. (*Id.* ECF No. 158.)

On October 28, 2019, Petitioner moved to dismiss Attorney LaLima as appointed counsel but then withdrew the motion two days later. (*Id.* ECF Nos. 199–200.) On November 13, 2019, Petitioner moved to withdraw his guilty plea and again moved to dismiss his counsel. (*Id.* ECF Nos. 205–06.) Both motions were withdrawn at a hearing held on November 25, 2019. (*Id.* ECF No. 216.) On December 10, 2019, Petitioner was sentenced to 70 months of imprisonment on Count One and to 84 months on Count Two to run consecutively, resulting in a total term of imprisonment of 154 months. (*Id.* ECF No. 238.)

On November 4, 2020, Petitioner filed the instant motion to vacate, set aside or correct his sentence. Otero presents three claims in which he asserts that he was denied effective assistance of counsel: first, that Attorney Castignoli waived Petitioner's speedy trial rights without his consent; second, that Attorney Castignoli failed to conduct a meaningful investigation through which he would have discovered Petitioner's alibi defense, which he consequently failed to present; and third, that Attorney Castignoli neglected to uncover evidence of conflicting statements

by Petitioner's co-defendant and of the failure of the DNA evidence to place Petitioner at the scene of the crime.

**Legal Standard**

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence [or conviction] on four grounds: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(a)) (brackets omitted). Second Circuit "precedent instructs that § 2255 review is 'narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources.'" *Id.* (quoting *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)).

Petitioner's Section 2255 motion asserts a denial of rights guaranteed by the Sixth Amendment, which "provides certain procedural safeguards to individuals who have been charged with crimes, including the right to a speedy, impartial trial; the ability to call and confront witnesses"; and, relevant here, "the Assistance of Counsel." *United States v. Rosemond*, 958 F.3d 111, 119 (2d Cir. 2020) (quoting U.S. Const. amend. VI) (internal citation omitted). "Although the Sixth Amendment refers only to 'Assistance of Counsel,' it guarantees the right to *effective* assistance of counsel." *Id.* at 121 (internal citation omitted). "Ordinarily, to prevail on a claim for ineffective assistance of counsel a defendant must demonstrate that: (1) counsel's performance fell below an 'objective standard of reasonableness'; and (2) defendant was 'prejudiced,' meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir.

2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)).  Further, "[i]n the context of guilty pleas, the 'prejudice' prong requires the defendant to demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ajemian v. United States*, 171 F. Supp. 3d 206, 213 (S.D.N.Y. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  "The *Strickland* standard is 'highly demanding,' and 'rigorous,' and "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (internal citations omitted).

"Although a District Court must hold an evidentiary hearing when presented with any potentially meritorious claim under section 2255, a hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel.'" *Lake v. United States*, 465 F. App'x 33, 34–35 (2d Cir. 2012) (summary order) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)).

**Discussion**

The Government first argues that the record conclusively establishes that Petitioner is not entitled to relief, as Otero's guilty plea waived all non-jurisdictional defects in the proceedings, which includes those asserted here. The government also argues that Otero's claims are explicitly barred by the appeal/collateral attack waiver contained in his plea agreement. As recited previously, the plea agreement precluded Otero from collaterally attacking his conviction or any sentence that was below 162 months of imprisonment. The Court agrees with the Government and addresses these issues in reverse order.

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d

Cir. 2016). Exceptions to the presumptive enforceability of such a waiver are few, but may include instances "such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." *Id*. (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 219 (2d Cir. 2000)) (brackets omitted).

Petitioner does not assert any of these exceptions; nor does the record even suggest that they might be applicable. Otero instead appears to rely upon the plea agreement's exception for claims of ineffective assistance of counsel. "In challenging the ineffectiveness of counsel in connection with a plea agreement, a defendant is challenging 'the constitutionality of the *process* by which he waived his right to appeal.'" *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (quoting *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)) (brackets omitted).

> An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns 'the advice the defendant received from counsel.' **Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does.** Otherwise, if a purported failure to enhance the defendant's case were sufficient by itself to overcome an appeal waiver, many ineffective assistance claims would be cognizable despite the guilty plea and notwithstanding the waiver.

(Emphasis added.) *Id.* at 138–39 (quoting *United States v. Torres*, 129 F.3d 710, 715–16 (2d Cir. 1997)) (internal citations omitted).

Here, Otero does not challenge the constitutionality of the process by which he decided to plead guilty and/or waive his right to appeal or collaterally attack his conviction or sentence. Nor

7

does he challenge counsel's advice with respect to his decision to plead guilty. Rather, he rests his claims on his original counsel's alleged failures to preserve his Speedy Trial Act rights or to undertake certain discovery or pretrial motions. Perhaps dispositive on this issue is the fact that Otero represented himself throughout the negotiation of the plea agreement. *See Peoples v. United States*, 403 F.3d 844, 849 (7th Cir.), *cert. denied,* 546 U.S. 935 (2005) ("One who exercises the right of self-representation cannot contend that he received ineffective assistance of counsel."); *Charles v. Lantz*, No. 3:09-cv-588 (MRK), 2010 WL 5113803, at *6 (D. Conn. Dec. 9, 2010). He was *pro se* when he decided to plead guilty and during the change of plea hearing at which he entered his guilty pleas and the Court accepted them. It was not until after the Court accepted the guilty pleas that Otero requested that his then stand-by counsel be appointed for all purposes.[1]

Because Attorney Castignoli's alleged errors predated Otero's decision to plead guilty and because Attorney Castignoli did not represent Otero with respect to the decision of whether to plead guilty, the alleged errors have no bearing on the validity of Otero's waiver of any right to collaterally attack his conviction or sentence. Accordingly, these claims provide no basis for invalidating the waiver and it is enforceable. *See, e.g.*, *United States v. Monzon*, 359 F.3d 110, 118–19 (2d Cir. 2004) ("[W]e reject the notion that an appeal waiver becomes unenforceable simply because a defendant 'claims' . . . ineffective assistance of counsel. The appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious. But if the record on appeal shows that that claim lacks merit, the appeal should be dismissed because the waiver should be enforced…If the rule were otherwise, a defendant who secured the benefits of a plea agreement by, *inter alia*, knowingly and voluntarily waiving the right to appeal could escape the fairly

---

[1] And notably, Petitioner raises no claim with respect to Attorney LaLima, who, as indicated, was stand by counsel at the time of the change of plea.

bargained-for appeal waiver by the simple expedient of asserting an ineffective-assistance-of-counsel claim that had no merit"); *Abramo v. United States*, No. 12 Civ. 1803 (JSR) (HBP), 2014 WL 1171735, at *10 (S.D.N.Y. Mar. 21, 2014) ("[A] claim of ineffective assistance that is unrelated to the plea bargaining process does not provide a basis on which to invalidate a waiver of the right to challenge the conviction by appeal or by a Section 2255 proceeding").

Further, the enforceability of the waiver in the plea agreement aside, "[i]f a defendant's guilty plea is knowing and voluntary, 'the cases are legion that a plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects.'" *United States v. Branford*, 833 F. App'x 902, 904 (2d Cir. 2020) (summary order) (quoting *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965)). Otero advances no argument that his pleas were not knowing or voluntary. Thus, each of Petitioner's claims, which ultimately challenge a non-jurisdictional defect in the proceeding, are likewise waived by Otero's guilty plea. *See, e.g.*, *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("Coffin's guilty plea was unconditional and effectively waived all non-jurisdictional defects in the proceedings below, including the alleged violation of the Speedy Trial Act"); *Jackson v. Annucci*, No. 9:16-cv-01020 (JKS), 2018 WL 2224988, at *4 (N.D.N.Y. May 15, 2018) ("By voluntarily pleading guilty, Jackson forfeited his right to bring claims premised on errors that occurred prior to the plea process," including claims related to pretrial discovery) (footnote omitted).

Even if Petitioner's claims were not barred by his guilty plea and by the plain terms of his plea agreement, Petitioner has also failed to allege a plausible ineffective assistance of counsel claim consistent with *Strickland's* "highly demanding" standard. *Bennett*, 663 F.3d at 85. As discussed above, "In the context of guilty pleas, the 'prejudice' prong requires the defendant to demonstrate 'a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial.'" *Ajemian v. United States*, 171 F. Supp. 3d 206, 213 (S.D.N.Y. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Kovacs v. United States*, 744 F.3d 44, 51 (3d Cir. 2014) ("To establish prejudice, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting *Strickland*, 466 U.S. at 694). Here, Otero does not assert in his petition that he would have gone to trial on the charges alleged in the original indictment had it not been for Attorney Castignoli's alleged failures. Nor does Petitioner assert that the result of his proceedings would have been different in some other fashion without the alleged ineffective assistance of counsel. To the contrary, Otero, while self-represented, moved to dismiss the indictment raising the same speedy trial arguments advanced herein with respect to Attorney Castignoli's representation. However, Otero withdrew the motion in favor of accepting the plea offer. This precludes any finding that the proceedings would have had a different outcome but for Attorney Castignoli's alleged unauthorized waiver of the Speedy Trial Act. And although Otero filed a motion to withdraw his plea, he withdrew this motion shortly after submitting it. The Court reasonably infers from these actions that Otero wished to preserve the plea agreement and continue to sentencing on the charges to which he pleaded guilty. *Gonzalez v. United States*, 722 F.3d 118, 133 (2d Cir. 2013) (finding that a defendant's own behavior is a factor that must be considered by the court in assessing whether there is a reasonable probability that but for substandard performance by counsel, the defendant would have chosen to eschew the plea and go to trial).

Moreover, Petitioner's guilty plea was conditioned on his waiving indictment and pleading guilty to a substitute information charging him with VCAR assault and brandishing a firearm in furtherance of a crime of violence, a considerably more favorable disposition than had he been

convicted after trial on the kidnapping charges.[2] Although not alleged by Otero, this fact alone renders it implausible that he would have foregone a guilty plea on lesser charges in order to go to trial on more serious ones that the Government ultimately dismissed after sentencing. Accordingly, the Petitioner's allegations regarding his original counsel's failures are insufficient to establish prejudice under *Strickland*, even if these claims were not waived by his guilty plea or his plea agreement.

**Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct sentence is denied, and the Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of November 2021.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[2] The Sentencing Guideline range for kidnapping in violation of 18 U.S.C. §1201(a) was 360 months to life as opposed to a range of 147 to 162 months for assault with a dangerous weapon in aid of racketeering and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 1959(a)(3), 924(c)(1)(A)(ii).